UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IVAN CANO,

        Plaintiff,

vs.                                    CASE NO.:

THE ONPOINT GROUP LLC, a Texas
Limited Liability Company, d/b/a MINER
CORP,

                Defendants.           /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IVAN CANO, by and through the undersigned attorney, sues the

Defendant, THE ONPOINT GROUP LLC, d/b/a Miner Corp and alleges:

1.      Plaintiff, IVAN CANO, was an employee of Defendant and brings this

action for unpaid overtime compensation, liquidated damages, and all other applicable

relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2.      Plaintiff, IVAN CANO was an employee who worked for Defendant, THE

ONPOINT GROUP LLC, d/b/a Miner Corp, at Defendant's property within the last

three years in Orange County, Florida.

3.      Specifically, Plaintiff, IVAN CANO, worked at Defendant's property

located at 1401 Ocoee Apopka Road, #200, Apopka, Florida 32703.

4.      Defendant, THE ONPOINT GROUP LLC, lists its headquarters as 7612

Zurich Drive, Plano, Texas 75025. See Texas Secretary of State website at

www.sos.state.tx.us/corp/.

5.      Plaintiff, IVAN CANO, worked for Defendant as an hourly paid employee at an hourly rate of $33.00 per hour.

6.      Plaintiff, IVAN CANO, worked as a Service Technician for Defendant.

7.      At all times material to this cause of action, Plaintiff, IVAN CANO, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

8.      Through Miner Corp, the Defendant, THE ONPOINT GROUP LLC, is a Texas Limited Liability Company that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

9.      Specifically, Defendant, THE ONPOINT GROUP LLC, operates Miner Corp offices located in Miami, Tampa, and Orlando.

10.      Defendant, THE ONPOINT GROUP LLC, lists Miner Corp as one of their companies. See www.OnPointGroup.com/our-companies

11.      Defendant's website indicates Miner Corp provides engineered design, installation, service and financing for loading docks, commercial doors and related facility accessories. *Id*

12.      According to Miner Corp's website, Defendant is "North America's facility expert, driving safety at your loading dock and uptime for your facilities through a suite of MinerCare maintenance programs available 24/7/365". See www.MinerCorp.com

13.      This action is brought under the FLSA to recover from Defendant

overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

14.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

15.     During Plaintiff's employment with Defendant, Defendant, THE ONPOINT GROUP LLC, earned more than $500,000.00 per year in gross sales.

16.     Defendant, THE ONPOINT GROUP LLC, employed in excess of twenty (20) employees and paid these employees plus earned a profit from their business.

17.     During Plaintiff's employment, Defendant, THE ONPOINT GROUP LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as steel, welding equipment, screw drivers and screws, electrical materials, and other tools/materials used to run the business.

18.     Therefore, at all material times relevant to this action, Defendant, THE ONPOINT GROUP LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

19.     Additionally, Plaintiff, IVAN CANO, is/was individually covered under the FLSA.

<u>FLSA Violations</u>

20.     At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

21.     During his employment with Defendant, Plaintiff was not paid time and

one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

22.     Specifically, Defendant had a policy and practice of deducting time for lunch breaks despite Plaintiff not taking lunch breaks.

23.     Defendant routinely discounted Plaintiff's weekly time sheet by one (1) hour per day for lunch that Plaintiff did not receive.

24.     Further, Plaintiff was required to arrive at Defendant's facility to retrieve a company vehicle and materials each morning.

25.     Plaintiff was not allowed to use a personal vehicle for work purposes.

26.     Defendant had a policy and practice of deducting time worked by Plaintiff for travel to the first work site each day.

27.     Plaintiff is entitled to full time and one-half wages for all hours worked in excess of forty (40) per week.

28.     Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

29.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

30.     Prior to filing suit, the undersigned made efforts to resolve this matter without litigation by sending written correspondence to Defendant seeking pay and time records. Unfortunately, Defendant opted not to engage in pre-suit discussions.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

31.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above as though stated fully herein.

32.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

33.     During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for all overtime worked.

34.     Defendant has failed provide accurate overtime compensation for numerous pay periods.

35.     Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

36.     In addition, Defendant failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

37.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurred reasonable attorneys' fees and costs.

38.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

39.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, IVAN CANO demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and

costs incurred in this action, declaratory relief, and any and all further relief that this

Court determines to be just and appropriate.

Dated this 23rd day of October, 2020.


Respectfully submitted,

s/Matthew R. Gunter
Matthew R. Gunter, Esquire
FL Bar No.:  0077459
MORGAN & MORGAN, P.A.
20 N. Orange Ave, Suite 1600
Orlando, Florida 332801
Tel: 407-236-0946
Fax: 407-867-4791
E-mail: MGunter@forthepeople.com
Attorneys for Plaintiff