## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

IVAN CANO,

        Plaintiff,

v.                                Case No:   6:20-cv-1970-RBD-LRH

MINER, LTD

        Defendant.

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF THE ACTION WITH PREJUDICE (Doc. 29)**
>
> **FILED:** **October 6, 2021**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND.

Plaintiff Ivan Cano alleges in a one-count complaint that his former employer, Defendant Miner, Ltd., failed to pay him overtime compensation in violation of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*   (Doc. 9, at 4-5).[1] Defendant has answered the complaint, and the case has proceeded in the normal course pursuant to an FLSA Scheduling Order.   (Docs. 11, 14).

On July 6, 2021, the parties notified the Court that they had reached a settlement.   (Doc. 21).   On August 6, 2021, the parties filed a Joint Motion for Approval of Settlement Agreement and Dismissal of the Action with Prejudice. (Doc. 23).   Upon review, the undersigned found several issues with the joint motion and Settlement Agreement, and therefore denied the motion without prejudice.   (Doc. 26).   Specifically, (1) the Agreement contained a general release of related claims not raised in the complaint, (2) the Agreement provided that it may be modified upon subsequent written agreement of both parties, and (3) the parties represented in a joint notice that they separately negotiated an agreement containing a general release of claims, a confidentiality provision, and a non-disparagement provision for additional consideration to Plaintiff, but the parties did not file the agreement with the Court, and did not provide any additional information regarding this separate agreement.   *Id.*[2]

---

[1] Plaintiff's original complaint, filed on October 23, 2020, was brought against The Onpoint Group, LLC d/b/a Miner Corp.   (Doc. 1).   The amended complaint, which is the operative pleading in this case, corrected Defendant's name to Miner Ltd.   (Doc. 9).

[2] On August 9, 2021, the undersigned ordered the parties to file a notice stating whether or not they had entered into any other agreement (oral or written) that had not yet been disclosed to the Court, and that was related in any way to the present case and contained any of the following provisions: (1) a release extending beyond the FLSA claims in this case; (2) a confidentiality

On October 6, 2021, the parties filed the above-styled Amended Joint Motion for Approval of Settlement Agreement and Dismissal of the Action with Prejudice. (Doc. 29).   They have included with the motion a fully executed copy of their revised Settlement Agreement.   (Doc. 29-1).   The parties ask that the Court approve their Settlement Agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and thereafter to dismiss the case with prejudice.   (Doc. 29).   The amended motion was referred to the undersigned, and the matter is ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the

---

provision; or (3) a non-disparagement provision.   (Doc. 24).   On August 12, 2021, the parties filed a joint notice stating that "subsequent to negotiating a settlement to resolve the FLSA claims pending in the instant matter, the Parties separately negotiated an agreement (for additional consideration to Plaintiff in the amount of $500) which contains a general release of claims, as well as confidentiality and non-disparagement provisions. No further attorneys' fees and/or costs were sought in the general release agreement."   (Doc. 25).

plaintiff's FLSA claims.   *Id.* at 1353-55.   In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.

- The complexity, expense, and likely duration of the litigation.

- The stage of the proceedings and the amount of discovery completed.

- The probability of plaintiff's success on the merits.

- The range of possible recovery.

- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.   *Lynn's Food*, 679 F.2d at 1354.   There is a strong presumption in favor of settlement.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.   *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[4]

The parties may demonstrate the reasonableness of the attorneys' fees by either: (1)

demonstrating the reasonableness of the proposed attorneys' fees using the lodestar

method; or (2) representing that the parties agreed to plaintiff's attorneys' fees

separately and without regard to the amount paid to settle the plaintiff's FLSA

claim.   *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III.   ANALYSIS.

### A.   *Whether Plaintiff Has Compromised His FLSA Claim.*

In answers to the Court's Interrogatories, Plaintiff stated that the pay and

time records do not provide an accurate reflection of the hours he actually worked,

but he estimated that he worked a total of 7.5 hours of unpaid overtime per week

for 111 weeks, at an overtime rate of $49.50 (1.5 times $33.00, his regular rate of pay).

(Doc. 19, at 2).   Based on these estimations, Plaintiff claims that he is owed

$41,208.75 in unpaid overtime wages, an equal amount in liquidated damages, and

an unspecified amount in attorneys' fees and costs.   (*Id.*).   Under the terms of the

Agreement, Defendant will pay Plaintiff a total of $8,346.75, allocated as follows: (1)

$1,875.00 in unpaid overtime compensation; (2) $1,875.00 in liquidated damages;

and (3) $4,596.75 in attorneys' fees and costs.   (Doc. 29-1 ¶3).

---

[4] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.   *See* 11th
Cir. R. 36–2.

Because Plaintiff will receive less in settlement than his initial demand, this case involves a compromise of Plaintiff's claims within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.")

> B.      *Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised his FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable.   In the joint motion, the parties explain that they have both been counseled by their respective attorneys throughout the litigation and settlement process.   (Doc. 29, at 4).   Further, the parties agree that the action involves disputed issues.   Specifically, Defendant disputes Plaintiff's allegation that Defendant violated the FLSA by failing to pay him for all hours worked, including for all hours worked in excess of forty hours in a week, as well as for alleged improper meal break deductions.   (*Id.*, at 3).   Additionally, Defendant maintains that it has evidence of Plaintiff "stealing" time by inaccurately recording it, and therefore Plaintiff is not owed any overtime wages.   (*Id.*).   Consequently, the parties represent that they negotiated Plaintiff's claims with the understanding that Defendant may have a valid counterclaim against Plaintiff.   (*Id.*).   And notwithstanding their disagreements, the parties have agreed to resolve this dispute to avoid the uncertainties of ligation and the additional attorneys' fees associated

with continued litigation of this action.   (*Id.*).   The parties agree that the proposed settlement represents a compromise of the disputed claims.   (*Id.*).

Because these representations adequately explain the reasons for the compromise of Plaintiff's overtime claims, I respectfully recommend that the Court find the amount of the compromise reasonable.   *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C.   *Attorneys' Fees and Costs.*

Given that Plaintiff has compromised his FLSA overtime claim, the Court must next consider whether the payment to Plaintiff's counsel is reasonable to ensure that the attorneys' fees and costs to be paid did not improperly influence the amount that Plaintiff agreed to accept in settlement.   *See Silva*, 307 F. App'x at 351.

Pursuant to the Settlement Agreement, counsel for Plaintiff will receive a total of $4,596.75 in fees and costs.   (Doc. 29-1 ¶3).   The Settlement Agreement expressly provides that the amount of attorneys' fees and costs was "negotiated separately from the settlement amounts to be paid to [Plaintiff]."   (*Id.*).   And in the joint motion, the parties represent that they "negotiated the amount of Plaintiff's counsel's attorneys' fees and cost separately, so as not to affect Plaintiff's recovery." (Doc. 29, at 3-4).

Based on these representations, I recommend that the Court find that the amount of attorneys' fees and costs Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for resolution of his FLSA overtime claim.   *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorneys' fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

     *D.    Other Terms of the Parties' FLSA Agreement.*

In the amended joint motion, the parties represent that they will no longer proceed with a separate general release provision, and that there is no other side agreement between the parties in writing, orally, or otherwise.   (Doc. 29, at 1, n.1). Further, the Agreement no longer provides that it may be modified upon subsequent written agreement of both parties.   *See* Doc. 29-1.   And with the exception of the release provision, discussed below, there are no other problematic provisions that could taint the fairness of the settlement.

With respect to the release provision, the parties have narrowed the release as follows:

> [Plaintiff], his heirs, assigns and representatives, do hereby release, acquit and forever discharge [Defendant] and its parents, affiliates and their predecessors and subsidiaries, and their officers, directors, partners, employees or agents (as of the effective date hereof and within the scope of such employment, partnership or agency) (the "Released Parties"), from any and all claims of any nature whatsoever

[Plaintiff] has arising out of or related to the payment of wages during his employment with [Defendant], known or unknown, including but not limited to, any claims [Plaintiff] may have under the Fair Labor Standards Act.

(*Id.*, at 2 ¶ 6).

Although the release is narrower than the parties' original version, it still encompasses claims beyond the lone FLSA overtime compensation claim asserted in this case.   However, the release provision in the parties' Agreement is limited to wage-related claims arising out of Plaintiff's employment relationship with Defendant.   *See* Doc 29-1, at 2 ¶ 6.   As such, the limited scope of the release "allay[s] any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the FLSA claim."   *Stephenson v. SunTrust Bank*, No. 6:12-cv-1857-Orl-37GJK, 2013 WL 12392462, at *5 (M.D. Fla. Sept. 13, 2013), *report and recommendation adopted*, 2013 WL 12388665 (M.D. Fla. Sept. 16, 2013).

Accordingly, the undersigned respectfully recommends that the Court find the Agreement's release provision to be limited in scope and the Agreement to be fair and reasonable.   *See id.* (recommending that the Court approve parties' FLSA settlement agreement where agreement included release of "any and all [] wage, pay and overtime claims whatsoever, including, but not limited to" claims under the FLSA and related statutes because release was limited in scope to employment, wage-related claims).   *See also Heath v. Hard Rock Café Int'l, Inc.*, No. 6:10-cv-344-

Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011), *report and recommendation adopted*, 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011) (recommending that release provision limited to wage and hour claims was not a prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement).

## IV.   CONCLUSION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Amended Joint Motion for Approval of Settlement Agreement and Dismissal of the Action with Prejudice (Doc. 29);

2. **APPROVE** the parties' FLSA Agreement (Doc. 29-1);

3. **DISMISS** this case with prejudice; and thereafter

4. **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on January 3, 2022.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record